UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO C. WIGGINS (#339039)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-198-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 6, 2014.

                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO C. WIGGINS (#339039)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 13-198-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the Motion to Dismiss All Grounds for Relief Which Were Not Fully Exhausted Through the State Courts When Original Habeas Corpus Petition was Filed. Record document number 14.

Petitioner Lorenzo C. Wiggins filed a Petition for Relief From a Conviction of Sentence By a Person in State Custody seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner challenged the constitutionality of his 2004 state court convictions and sentences for attempted second degree murder and felon in possession of a firearm in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana.

Petitioner signed his federal habeas corpus application on March 26, 2013, and it was filed on March 27, 2013.

Petitioner asserted the following grounds for relief:

Ground One:   The prosecutor suppressed favorable evidence (recorded statements of Lawrence Jones and Ryan Jackson) and knowingly used perjured testimony to obtain a conviction;

> Ground Two: He was denied effective assistance of counsel when counsel failed to listen to the recorded statements of Lawrence Jones and Ryan Jackson.

Petitioner asserted in his Petition that he had pending litigation in the state court regarding the judgment and convictions from which he is seeking federal habeas corpus relief. Specifically, the petitioner alleged that he filed a third post-conviction relief application ("PCRA") in which he asserted the following grounds for relief: (1) the State suppressed factual evidence regarding Jermaine Thompson being in possession of two handguns at the club during the shooting incident; (2) the State knowingly introduced the false and misleading testimony of Det. McGarner at the trial and evidentiary hearing, and the State knowingly introduced the false testimony of Lawrence Jones at trial; and, (3) he was denied effective assistance of counsel when counsel failed to investigate Jermaine Thompson and to present a proper defense. Petitioner alleged that the matter was then pending before the Louisiana First Circuit Court of Appeal.

Petitioner filed a Motion to Stay and Abate Federal Proceedings, seeking a stay of his Petition until he exhausted his state post-conviction remedies.[1] On May 3, 2013, the petitioner's Motion to Stay and Abate Federal Proceedings was denied.[2]

---

[1] Record document number 2.

[2] Record document number 5, Ruling on the Motion Stay and Abate Federal Proceedings and Order.

Petitioner was ordered to file a motion dismissing all grounds for relief which have not been fully exhausted through the state courts within 14 days from the date of the order.[3]  Rather than complying with the order, the petitioner filed a motion which was construed as an appeal of the Ruling on the Motion Stay and Abate Federal Proceedings and Order.[4]

On December 4, 2013, the petitioner filed a Motion for Leave to Amend Previously Filed Petition for Habeas Corpus Pursuant to Title 28 U.S.C. § 2254 and Rule 15 to the Federal Rules of Civil Procedure.[5]  Petitioner sought leave of court to supplement his Petition with two claims: (1) the State of Louisiana suppressed favorable evidence and knowingly used false testimony; and (2) trial counsel rendered ineffective assistance of counsel. Petitioner acknowledged that he was unable to include these claims in his original Petition because the claims were not fully exhausted in the state courts when he filed his original Petition.[6] No action was taken on this motion because the appeal of the order to file a motion dismissing all grounds for relief which have not been fully exhausted was still pending before the district judge.

On April 10, 2014 the district judge denied the petitioner's

---

[3] *Id.*

[4] Record document number 6.

[5] Record document number 7.

[6] *Id.* at 2, ¶ 3.

appeal of the order to file a motion dismissing all grounds for relief which have not been fully exhausted.[7]

On April 11, 2014, the petitioner's motion to amend the petition was denied.[8] Petitioner was again ordered to file a motion to dismiss all grounds for relief which were not fully exhausted through the state courts when the original Petition was filed.[9]

On April 24, 2014, the petitioner filed a Motion to Dismiss All Grounds For Relief Which Were Not Fully Exhausted Through the State Courts When Original Habeas Corpus Petition Was Filed. Petitioner sought to dismiss all grounds for relief which were not fully exhausted through the state courts when his original habeas corpus petition was filed, specifically, all claims and arguments asserted in his third post-conviction relief application.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Dismiss All Grounds For Relief Which Were Not Fully Exhausted Through the State Courts When Original Habeas Corpus Petition Was Filed be granted dismissing all unexhausted claims, specifically the claims asserted in the petitioner's third post-

---

[7] Record document number 12.

[8] Record document number 14.

[9] *Id.*

4

conviction relief application, and that the Petition be referred back to the magistrate judge for further proceedings.

Baton Rouge, Louisiana, June 6, 2014.

　　　　　　　　　　　　　　　　　/s/ Stephen C. Riedlinger
　　　　　　　　　　　　　　　　　STEPHEN C. RIEDLINGER
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE