UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO C. WIGGINS (#339039)

VERSUS                                                    CIVIL ACTION

N. BURL CAIN, ET AL                                       NUMBER 13-198-BAJ-SCR

## RULING ON MOTION TO ENFORCE ORDER
### and
## ORDER TO SUPPLEMENT STATE COURT RECORD
### and
## RULING ON MOTION FOR TRANSCRIPT

Before the court is the petitioner's Motion to Enforce This Court's Previous Order to the Clerk for the 19th Judicial District Court. Record document number 34. Also before the court is the petitioner's Subsequent Motion to Order Transcription of Recorded Tape Statement. Record document number 35. No opposition or other response was filed to either motion.

**Motion to Enforce This Court's Previous Order to the Clerk for the 19th Judicial District Court**

Lorenzo C. Wiggins petitioned this Court for a writ of habeas corpus. In order for the court to determine the action to be taken on the petition, the Clerk of Court for the Nineteenth Judicial District Court was ordered to file the entire State Court record, No. 08-03-0580, "including transcripts of all proceedings held in the State Court."[1] The order did not specifically require the Clerk of Court to also produce physical evidence introduced at any

---

[1] Record document number 20 (underline in original).

hearing.

Tape recorded statements of two witnesses were played in open court on November 12, 2010 during a hearing held on the petitioner's Post Conviction Relief Application, and they were admitted into evidence. The Commissioner referred specifically to the recorded statements that were played at the hearing in his Commissioner's Recommendation. Although the state court records indicate that the petitioner's state court attorney was given a copy of the recorded statements, the state court record provided by the Clerk of Court for the Nineteenth Judicial District Court did not include these recorded statements.

Accordingly, the petitioner's Motion to Enforce This Court's Previous Order to the Clerk for the Nineteenth Judicial District Court is granted.

Therefore;

IT IS ORDERED that, within 14 days, the Clerk of Court for the Nineteenth Judicial District Court shall supplement the previously-filed state court record by filing with this court copies of the two recorded statements played during the evidentiary hearing held on November 12, 2010. If the Clerk of Court is unable to produce either of the recorded statements, he shall advise this court in writing why he is unable to produce the recording.

**Subsequent Motion to Order Transcription of
Recorded Tape Statement**

In the petitioner's second motion, he sought transcripts of

the two recorded statements.  Plaintiff has the burden to show that the state court made an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. 2254(d)(2).  The information before the state court was the recorded statements, not transcripts of the recorded statements.  A transcript would present the interpretation of the person who transcribed the recordings, as though that interpretation is the correct one.  But what matters is the reasonableness of the Commissioner's interpretation of what was said on the recorded statements, not what someone else transcribing the statement thinks was said.

Accordingly, the petitioner's Subsequent Motion to Order Transcription of Recorded Tape Statement is denied.

Baton Rouge, Louisiana, January 13, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE