UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO C. WIGGINS (#339039)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 13-198-BAJ-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, February 11, 2015.

                                   STEPHEN C. RIEDLINGER
                                   UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORENZO C. WIGGINS (#339039)

VERSUS

CIVIL ACTION

N. BURL CAIN, ET AL

NUMBER 13-198-BAJ-SCR

**SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT**

On October 27, 2014, a Magistrate Judge's Report was issued recommending that the Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in State Custody filed by Lorenzo C. Wiggins be denied.[1] Petitioner filed Objections To The Magistrate Judge's Report.[2] In addition, the petitioner filed a Motion to Enforce This Court's Previous Order to the Clerk for the 19th Judicial District Court.[3] Petitioner sought an order directing the Clerk of Court for the Nineteenth Judicial District Court to supplement the previously-filed state court record by filing with this court copies of the two recorded statements played during the evidentiary hearing held on November 12, 2010. Petitioner's motion was granted.[4]

---

[1] Record document number 31.

[2] Record document number 33.

[3] Record document number 34.

[4] Record document number 36.

On January 20, 2015, this matter was referred back to the magistrate judge for a supplemental magistrate judge's report and recommendation after the Nineteenth Judicial District Court complied with the court's Ruling on Motion to Enforce Order and Order to Supplement State Court Record.[5]

On January 26, 2015, the state court record was supplemented in accordance with this court's order.[6]

The two recorded witness statements have been considered. For the reasons set forth in the Magistrate Judge's Report, as supplemented herein, the petition should be denied.

**Ground One: *Brady* Claim**

In Ground One the petitioner argued that (1) the prosecutor suppressed favorable evidence and (2) knowingly used perjured testimony to obtain a conviction.

In the first component of Ground One, the petitioner argued that the prosecutor failed to disclose the recorded statements of Lawrence Jones and Ryan Jackson, two State witnesses. Petitioner argued that the recorded statements of Jones and Jackson could have been used to impeach their trial testimony.

As indicated in the Magistrate Judge's Report, the State disclosed the existence of the recorded statements of Jones and

---

[5] Record document number 37.

[6] Record document number 38.

2

Jackson through its responses to discovery requests.[7] The State produced copies of police reports which stated that recorded statements were obtained from Jones and Jackson.[8] The recordings were available for inspection by the petitioner's trial counsel. Petitioner's trial counsel testified at the Post Conviction Relief Application ("PCRA") evidentiary hearing that she was provided copies of the police reports which indicate that recorded statements were obtained from Jones and Jackson.[9]

Therefore, the state court record amply supported the state court commissioner's finding that the prosecutor did not suppress or fail to disclose evidence, namely the recorded statements of Jones and Jackson.

In the petitioner's Objections To The Magistrate Judge's Report[10], the petitioner argued that, notwithstanding the State's disclosure of the existence of the recorded statements and the fact that the prosecution produced the synopses of the witness statements through discovery, the court should find that the prosecution nonetheless suppressed evidence favorable to him

---

[7] State Court Record, Vol. 2, Motion for Discovery and Request for Initial Offense Report; Answer to Motion for Discovery and Request for Initial Offense Report.

[8] *Id.*

[9] State Court Record, Vol. 6, Transcript of Evidentiary Hearing on PCRA, p. 78.

[10] Record document number 33.

because the synopses were too vague to place defense on notice of Jones and Jackson's inconsistent statements and that the synopses omitted critical information.[11] Specifically, the petitioner argued the synopsis Jones' recorded statement did not disclose that Jones said a friend of the victim was also at the scene of the shooting pacing back and forth waving a gun and repeatedly stating "that's my boy."[12] As to the synopsis of Jackson's recorded statement, the petitioner argued that the synopsis did not disclose that Jackson stated that the fight continued outside the club for approximately 30 seconds after the participants were ejected from the nightclub.

The gist of the petitioner's argument is that because these purportedly favorable facts were omitted from the synopses, defense counsel was not sufficiently alerted to the need to actually listen to the recorded statements. Petitioner argued that this amounted to the prosecutor improperly suppressing favorable evidence.

The record evidence supports a finding that the defendant either knew or should have known of the essential facts permitting him to take advantage of any exculpatory evidence contained in the recorded statements of Jones and Jackson. *Rector v. Johnson*, 120

---

[11] *Id*. at 2.

[12] In his recorded statement Jones indicated that following the shooting involving the petitioner on the premises of the nightclub, a confrontation between two other individuals took place "across the street."

4

F.3d 551, 560 (5th Cir. 1997). Petitioner's argument is simply not persuasive.

In the second component of Ground One, the petitioner argued that the prosecutor knowingly used perjured testimony to obtain a conviction. The crux of the petitioner's argument is that the trial testimony of Jones and Jackson is not consistent with their recorded statements.

As indicated in the Magistrate Judge's Report, the commissioner made the following factual findings following an evidentiary hearing on the petitioner's second PCRA:

> In his application, the petitioner states the taped statements refer to a fight immediately preceding the shooting as well as a potential shooter named "Alfred," who the petitioner argues was present with a gun at the time of the shooting.
> A review of the witnesses' taped statements indicates that a person arrived at the scene ***after*** the shooting. When played at the hearing, it was clear that the word the petitioner argued to be "Alfred" was in fact "afterwards" or "after." Mr. Mcgarner testified that "a friend of the victim" arrived on the scene "afterwards" in what is described as "a totally different incident." Mr. McGarner's account of the events was supported by the testimony of Mr. Norwood.
> The taped accounts of the fighting that preceded the shooting do not deviate with any significance from the summaries in the police reports and the trial testimony by the state's eyewitnesses....

Commissioner's Recommendation, p 2.

After having listened to the recorded statements of Jackson and Jones, the undersigned concludes that the commissioner's interpretation of what was said on the recorded statements is

5

reasonable.[13]

Therefore, a careful review of the state court record, including the recorded statements of Jones and Jackson, supports finding that the petitioner has not carried his burden to rebut the presumption of the correctness of the commissioner's factual findings, subsequently adopted by the trial court, by clear and convincing evidence, as he is required to do by § 2254(e)(1). Nor has the petitioner established that Jones or Jackson gave false testimony at the trial.

**Ground Two: Ineffective Assistance of Counsel**

In Ground Two the petitioner argued that he was denied effective assistance of counsel when counsel failed to listen to the recorded statements of Jones and Jackson. Specifically, the petitioner argued that if counsel had listened to their recorded statements prior to trial she could have used the statements to impeach their trial testimony and to establish that the fight continued outside the club, which would have supported his alternative defense that he shot the victim in the heat of passion.

Stated in the Magistrate Judge's Report, the trial court found that the recorded statements of Jones and Jackson did not deviate in any significant way from their trial testimony. Assuming that

---

[13] The trial testimony of Jones and Jackson was summarized in the Magistrate Judge's Report and does not need to be repeated here. Record document number 31, pp. 18-20.

counsel was deficient for failing to listen to the recorded statements before the trial, there is no basis upon which to find there is a reasonable probability that had she done so the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068 (1984).

In the petitioner's Objections To The Magistrate Judge's Report, the petitioner argued that the contents of the recorded statements establish that each recorded statement deviates significantly from the witnesses' trial testimony and the recorded statements could have been used to impeach these witnesses. Contrary to the petitioner's assertion, the recorded statements of Jones and Jackson do not deviate in any significant way from their trial testimony. As a result, there is no reasonable probability that attempting to impeach Jones and Jackson with their recorded statements would have resulted in a different outcome.

## **RECOMMENDATION**

For the reasons set forth in the Magistrate Judge's Report issued October 27, 2014, as supplemented herein, it is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Lorenzo C. Wiggins be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, February 11, 2015.

/s/ Stephen C. Riedlinger
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE