UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LORENZO C. WIGGINS (#339039)**           CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                   NO.: 13-00198-BAJ-SCR

## RULING AND ORDER

This matter comes before the Court on Petitioner Lorenzo C. Wiggins's **Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1)**, asserting the following grounds for habeas relief: (1) suppression of favorable evidence by the prosecution, and (2) ineffective assistance of counsel. Both of Petitioner's claims are predicated upon the contention that he was not timely made aware of the contents of audio-recorded statements by witnesses Lawrence Jones and Ryan Jackson in his state court proceedings. Petitioner argues that discrepancies between the witness statements to police and their trial testimony were significant to the outcome of his trial, not only for impeachment purposes, but also to bolster a theory of defense due to provocation. (Doc. 1 at 25–26). Petitioner contends that, in the course of his post-conviction relief applications in state court, the state court Commissioner, after conducting an evidentiary hearing, adjudicated his claims resulting "in a decision that was contrary to, or involved an unreasonable application of, clearly established law" or "in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *See* 28 U.S.C. § 2254(d); (Doc. 1 at p. 23).

In the instant federal habeas proceeding, the Magistrate Judge issued a **Report and Recommendation (Doc. 31)** and **Supplemental Report and Recommendation (Doc. 39)**,[1] recommending that the Court deny the instant petition in its entirety. Petitioner timely filed his **Objections (Docs. 33, 40)** to the Magistrate Judge's Reports. In his latest Objection, Petitioner requested the Court take judicial notice that "he is abandoning all reference to witness Jones recorded statement and direct the Court's attention [sic] to the recorded statement of Ryan Jackson." (Doc. 40 at p. 2 n.1). Having reviewed Jackson's recorded statement and the rest of the state court record, this Court concludes that Petitioner has not met his burden to rebut, by clear and convincing evidence, the correctness of the state court Commissioner's findings, which were adopted by the state trial court.[2]

To prevail on his claim that the prosecution unlawfully suppressed evidence favorable to him, Petitioner must prove: (1) the prosecution suppressed evidence; (2) this evidence was favorable to the accused; and (3) the evidence was material either to guilt or punishment. *Brogdon v. Blackburn*, 790 F.2d 1164, 1167 (5th Cir. 1986) (internal quotation marks omitted). Petitioner argues that the prosecution failed to disclose Jackson's recorded statements. Yet after hearing testimony from

---

[1] The Supplemental Report was issued pursuant to this Court's Order (Doc. 37), wherein the Court referred back the original Report and sought a Supplemental Report once the Magistrate Judge had reviewed the audio-recorded statements at issue from the state court record of the Nineteenth Judicial District Court.

[2] In a habeas proceeding instituted by a person in custody pursuant to a state court judgment, "[t]he applicant shall have the burden of rebutting the presumption of correctness [of a determination of a factual issue made by a state court] by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

2

investigators, the trial prosecutor, and defense counsel, the state court Commissioner found that the State provided defense counsel with police reports containing summaries of the taped statements and specified that the tapes were available for inspection by defense counsel.[3] Petitioner has not met his burden to rebut such a finding. Additionally, to the extent that inconsistencies exist between Jackson's recorded statement and his trial testimony, this Court concludes the state court was reasonable in determining that those inconsistencies were not material.[4]

Insofar as Petitioner claims that the prosecution knowingly used perjured testimony to obtain his conviction, the Court disagrees. In order to establish a *Napue* violation wherein the government knowingly elicited, or failed to correct, materially false statements from its witnesses, Petitioner must show (1) the statements in question are actually false; (2) the prosecution knew that the statements were false; and (3) the statements were material. *United States v. Haese*, 162 F.3d 359, 365 (5th Cir. 1998). Even assuming without deciding that

---

[3] *See* State Court Record, Commissioner's Recommendation at pp. 2–3.

[4] In his recorded statement to police officials, Jackson stated that, on the night of the shooting at issue in Petitioner's case, fighting occurred between Petitioner and members of another "posse" after security personnel ejected them from the club. Jackson stated that the fight outside between Petitioner and one Kendro Taylor "might have lasted thirty seconds" but was broken up by four security guards. It was not until after the fight was broken up, said Jackson, that the gun Petitioner used to shoot the victim "came into play." *See* State Court Record, Jackson Taped Interview.

Regarding an altercation outside the club on the night in question, Jackson testified at trial that a security guard had Taylor pinned up against a door outside the club. *See* State Court Record, Vol. 2, pp. 161–62, 176. He testified that Petitioner and Taylor tried to grab at each other, although no fists or punches were thrown. *Id.* at 181. According to Jackson's testimony, it was not until after Taylor was restrained by a security guard and Petitioner and Taylor were separated that Petitioner fired gunshots. *Id.* at 162, 175–80.

The Court is unpersuaded that the allegedly suppressed evidence was material to guilt or punishment. In both accounts, Jackson asserted that security guards had to restrain and separate Petitioner and Taylor outside the club, and that Petitioner did not shoot the victim amidst a fight. As they relate to Petitioner's proffered impeachment or provocation defense purposes, the Court here finds that the inconsistencies between Jackson's recorded statements and trial testimony were not material.

Jackson's statements at trial were material, Petitioner has made absolutely no showing that Jackson's trial testimony was false, nor that the prosecutor deliberately and knowingly introduced or failed to correct perjured testimony.

Lastly, the Court finds meritless Petitioner's claim of ineffective assistance of counsel based on his trial counsel's failure to listen to Jackson's recorded statement. In order to prevail on this claim, Petitioner must show (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense, depriving the defendant of a fair trial whose result is reliable. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, Petitioner must show "that counsel's representation fell below an objective standard of reasonableness." *Reed v. Stephens*, 739 F.3d 753, 773 (5th Cir. 2014). Petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Judicial scrutiny of counsel's performance must be highly deferential to avoid "distorting effects of hindsight." *Carty v. Thaler*, 583 F.3d 244, 258 (5th Cir. 2009).

Here, the state court Commissioner found that although his trial counsel Susan Henry Hebert "admitted at the post-conviction evidentiary hearing that she did not listen to the taped statements," she also testified that Petitioner "never provided her with any account of the events that would support an attempted manslaughter charge."[5] Instead, according to Hebert, Petitioner "maintained he

---

[5] *See* State Court Record, Commissioner's Recommendation at p. 4.

4

never took the gun."⁶ Petitioner has not succeeded in rebutting the Commissioner's findings of fact on this issue.

Without her knowledge of facts supporting a defense of provocation, defense counsel's failure to examine the tapes did not fall below an objective standard of reasonableness. Moreover, this Court's review of the tapes of recorded witness statements reveals that witnesses Jones and Jackson both relayed to the police that Petitioner's involvement in any fighting ended prior to the shooting and Petitioner was in no immediate danger when shots were fired. Because the witnesses' recorded statements did not contain significant impeachment or exculpatory value, the state court was reasonable in concluding that there was not a reasonable probability the outcome of Petitioner's trial would have been different but for his counsel's failure to listen to the tapes.⁷

In the instant habeas petition, Petitioner has failed to meet his burden to rebut, by clear and convincing evidence, the presumption of correctness of the Commissioner's factual findings. Petitioner has not established that the state court's decision was contrary to, or involved unreasonable application of, clearly established law, nor that it was an unreasonable determination of facts in light of the evidence presented during state court proceedings. *See* 28 U.S.C. § 2254(d).

---

⁶ *See id.*

⁷ *See id.*

Having carefully considered the instant petition—including Petitioner's objections—the Court **APPROVES** the Magistrate Judge's **Report and Recommendation (Doc. 31)** and **Supplemental Report and Recommendation (Doc. 39)** and **ADOPTS** them as the Court's opinion in this matter, in conjunction with the instant Ruling and Order.

Accordingly,

**IT IS ORDERED** that Petitioner Lorenzo C. Wiggins's **Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1)** is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Baton Rouge, Louisiana, this 18th day of March, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA